IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


CHRISTOPHER MASON, A-044-138-882    *

                         Petitioner,

      v.                      * CIVIL ACTION NO. ELH-13-1158

JACK KAVANAUGH           *

                       Respondent.

                              *****

MEMORANDUM

I. Procedural History

On April 18, 2013, this 28 U.S.C. § 2241 petition for writ of habeas corpus was received for filing. According to the petition, Christopher Mason was placed in immigration custody on October 12, 2012, when he was ordered removed from the United States. Petitioner claims that he is being held in the custody of Immigration and Customs Enforcement ("ICE") beyond the expiration of the six-month removal period. ECF No. 1. Accordingly, the court has construed his challenge as one invoking the due process dictates of *Zadvydas v. Davis*, 533 U.S. 678 (2001).

On April 22, 2013, respondent was directed to file a show cause response.[1] On May 24, 2013, he filed an answer seeking dismissal of the case based on the legality of petitioner's continued detention. ECF No. 4. Mason has not filed a response.

II.    Discussion

The following facts are not in dispute. Petitioner is a native and citizen of Jamaica who was initially admitted as a lawful permanent resident on March 3, 1994. On December 15, 1995, he was convicted in the Circuit Court for Prince George's County, Maryland and placed in removal

---

[1] Mason was ordered to submit either the $5.00 habeas filing fee or an indigency motion. ECF No. 2. He has complied with this request and his motion for leave to proceed in forma

proceedings on January 22, 1996. ECF No. 4 at Ex. A. On May 5, 1997, Immigration Judge ("IJ")

Wayne Iskra ordered Mason deported to Jamaica based on his violation of 8 C.F.R. § 241(a)(2)(B)(i)

and § 241(a)(2)(A)(iii). *Id*. at Exs. A & B. Mason was deported on January 13, 1999. *Id*. at Ex. C.

On March 18, 1999, Mason made an attempt to re-enter the United States via JFK

International Airport using a false British passport. A determination of inadmissibility was issued

and he was ordered excluded and once again removed from the United States. *Id*. at Ex. D. Mason

subsequently re-entered the United States at an unknown place and time. On June 12, 2008, ICE

authorities came upon Mason at the Prince George's County Detention Center after his arrest for

possession of marijuana. *Id*. at Ex. E. ICE reinstated his removal order and he was removed for the

third time in August of 2008. *Id*. at Ex. G.

On December 26, 2009, Department of Homeland Security personnel encountered Mason in

the U.S. Virgin Islands, attempting to board a flight to Miami, Florida. *Id*. at Exs. F & H. His

inspection was deferred by ICE and, because of an arrest for fraud, Mason had a detainer lodged

against him with the state detention center by the Enforcement and Removal Operations ("ERO")

Division of ICE. *Id*. at Ex. I. Mason came into ICE custody on October 10, 2012. *Id*. On that same

date, Homeland Security Investigations ("HSI") revoked his deferred action and ERO issued a notice

of intent to reinstate the prior order of removal. *Id*. at Exs. J & K. Mason, however, expressed a fear

of returning to Jamaica and his case was referred to the asylum office for a reasonable fear interview.

*Id*. On February 13, 2013, he was interviewed by the Citizenship and Immigration Services ("CIS")

asylum office. That office issued a determination on March 20, 2013, and referred his case to the

Immigration Court for consideration of his withholding of removal application. ECF No. 4 at Ex. L.

---

pauperis shall be granted.

Respondent affirms that the matter was scheduled for an individual hearing on June 13, 2013, to allow Mason to present his case.[2]  *Id*. at Ex. M.

III.    Analysis

Petitioner's sole contention is that his continued immigration detention violates his due process rights.  His continuing detention is constitutional.

Under the Immigration and Nationality Act, ICE may reinstate a prior removal order "[i]f the Attorney General finds that an alien has reentered  the United States illegally after having been removed or having departed voluntarily, under an order of removal."  8 U.S.C. § 1231(a)(5).  The prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed.  *Id*.  The alien is not eligible to apply for any relief but he may request withholding of removal or protection under the Convention Against Torture ("CAT").  *See id*.; 8 U.S.C. § 1231(b)(3).

Mason is subject to a final administrative removal order pending review of his withholding application.  Mason does not contest that he is in the removal period at this time.  Therefore, he may remain detained pursuant to 8 U.S.C. § 1231(a)(6), which  authorizes the Attorney General either to release or to continue to detain an alien.  Section 1231(a)(6) provides that an alien ordered removed who is inadmissible under § 1182 of this title, removable under §§ 1227(a)(1)(c), 1227(a)(2), or 1227(a)(4) of this title, or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

---

[2] ICE personnel have informed court staff that Mason's counsel sought and was granted a continuance of a hearing on Mason's application for withholding of removal to July 31, 2013.

In *Zadvydas*, the Supreme Court held that post-removal-order detention under § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. *Zadvydas*, 533 U.S. at 689. However, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. After six months, if an alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing."[3] *Id*. at 700. If the government response fails, the petitioner may be entitled to release from detention. *Id. see also Clark v. Martinez*, 543 U.S. 371 (2005) (six-month presumptively reasonable period of post-removal-order detention set out under *Zadvydas* applies to inadmissible aliens).

Respondent states that Mason has been detained by ICE since October 10, 2012, and therefore, he has been in post-removal custody for nine months. ICE claims, however, that Mason

---

[3] Federal courts disagree as to the extent to which the passage of time can suffice to meet the alien's initial burden of showing there is no significant likelihood of removal in the reasonably foreseeable future. Compare *Fahim v. Ashcroft*, 227 F.Supp.2d 1359, 1365-68 (N.D. Ga. 2002) (mere passage of time insufficient to meet alien's burden of proof), with *Kacanic v. Elwood*, 2002 WL 31520362 (E.D. Pa. Nov. 8, 2002) (passage of one year, coupled with inaction of foreign embassy and immigration authorities admission that efforts to obtain travel documents have been unproductive, suffices to meet alien's burden); *Kassama v. Dep't of Homeland Sec.,* 553 F.Supp.2d 301, 306–07 (W.D.N.Y.2008) (petitioner failed to meet initial burden where there was no evidentiary proof in admissible form to suggest that travel documents would not be issued). *Seretse-Khama v. Ashcroft*, 215 F.Supp.2d 37, 48-54 (D. D.C. 2002) (continued detention for over three years, coupled with eight-month delay since authorities last contacted destination country, suffices to meet alien's burden); *Khan v. Fasano,* 194 F.Supp.2d 1134, 1136-37 (S.D. Cal. 2001) (where alien has been in post-removal order custody for ten months, and meeting is scheduled with destination country to discuss request for travel documents, delay alone is not sufficient to meet alien's burden).

has failed to establish that there is no significant likelihood of removal in the reasonably foreseeable future. First, he has requested a hearing before an IJ to consider an application to remain in the United States. That hearing is currently scheduled for July 31, 2013. Second, ICE affirms that if Mason's application for withholding is not resolved in his favor,[4] Mason will be removed in a reasonable period of time as ICE routinely removes individuals to Jamaica on a monthly basis. ICE notes that Mason has twice been successfully removed to Jamaica and ICE is generally able to secure Jamaican travel documents on a regular basis and in as little as thirty days. ECF No. 4 at Ex. N, Lewis Decl. Consequently, Mason cannot demonstrate that his post-removal-order detention violates due process under § 1231(a)(6) and *Zadvydas,* because he cannot show that his detention is indefinite. Thus, his current detention does not violate due process and is constitutional.

IV.    Conclusion

For the aforementioned reasons, this petition for writ of habeas corpus shall be dismissed. A separate Order follows.

Date: July 17, 2013                    /s/_____
                                       Ellen Lipton Hollander
                                       United States District Judge

_____

[4] Deportation Officer Christian Lewis affirms that the Jamaican Embassy will not issue travel documents while Mason's withholding application is pending before an IJ. ECF No. 4 at Ex. N.